PER CURIAM
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Tyrone F. Watkins, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
On August 7, 2015, Shawn Sanne hired respondent to represent him in expungement proceedings of his three felony and one misdemeanor convictions. Mr. Sanne paid respondent $4,300 for attorney's fees and court costs associated with all four expungements.
On August 14, 2015, respondent filed a motion for expungement in one of the felony cases. On September 30, 2015, he filed a motion for expungement in the misdemeanor case. The State filed objections to both motions and sought contradictory hearings. Respondent moved to continue both proceedings. However, one of the cases was rescheduled for hearing on December 14, 2015, and the court again continued the proceeding because no one appeared on Mr. Sanne's behalf.
Thereafter, respondent took no further action to advance the two pending expungement proceedings. He also failed to take any action regarding the two other expungements he was hired to handle. Furthermore, respondent did not respond to numerous telephone calls and e-mails from Mr. Sanne and his office assistant, Penny O'Neal, including a final e-mail dated May 23, 2016, which reported that Mr. Sanne was "thoroughly fed up with the lack of communication and information." Then, on August 17, 2016, Mr. Sanne sent a letter to respondent via certified mail, which respondent failed to claim.
DISCIPLINARY PROCEEDINGS
In August 2017, the ODC filed formal charges against respondent, alleging that his conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable *261 diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5 (fee arrangements), 1.16 (declining or terminating representation), and 3.2 (failure to make reasonable efforts to expedite litigation). In his answer, respondent stated:
I have received the formal charges that were filed against me in the above referenced matter and I admit that I dropped the ball on this one. However, while the majority of the charges are accurate I believe that [there] is a material issue of fact regarding the violation of Rules of Professional Conduct rule 1.4 (lack of communication) that I need to explain.
Please allow me an opportunity to be heard in person in a mitigation hearing.
Hearing Committee Report
Following the mitigation hearing, the hearing committee noted that Mr. Sanne testified regarding his great difficulty, over an extended period of time, in getting a status update from respondent. Ms. O'Neal corroborated Mr. Sanne's testimony and additionally testified that, after respondent received the full payment on August 7, 2015, he did not initiate any contact with either her or Mr. Sanne. Ms. O'Neal further stated that they first learned respondent had filed the motions for expungement when they received subpoenas from the court. They then called respondent, who advised them of the State's objections, of the continuance of the hearings, and of his intention to pursue the expungements at a later date.
With respect to respondent's testimony, the committee noted that he stipulated to violating Rules 1.4, 1.5, 1.16, and 3.2 of the Rules of Professional Conduct but not Rule 1.3. Respondent also testified that he considered mediation to determine the portion of the fee he needed to return to Mr. Sanne but abandoned the effort because he did not have the funds available to provide a refund. Nevertheless, he committed to refunding the portion of the fee the committee deemed unearned. Respondent then indicated that he took preliminary steps to complete the expungements, paying $25 for a background check on Mr. Sanne and paying $550 in court costs. However, he admitted he "dropped the ball" after the expungements proved more complex than he anticipated. Respondent then testified that, although he had handled approximately a dozen expungements previously, they were all routine and unopposed. When the State objected to the two expungements he filed, respondent became aware of a change in law that posed additional obstacles to the relief sought. Respondent further testified that he did not intend to neglect Mr. Sanne's expungements but ultimately forgot about them with the passage of time and the press of other work. He also claimed he did not intentionally evade Mr. Sanne's and Ms. O'Neal's communication efforts.
Based on this testimony and the other evidence in the record, the committee made factual findings consistent with the underlying facts set forth above. The committee determined that those facts prove respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The committee then determined respondent negligently violated duties owed to his client, and his conduct caused actual harm to Mr. Sanne. After considering the ABA's Standards for Imposing Lawyer Sanctions , the committee determined the baseline sanction is suspension.
The committee found no aggravating factors present. However, it found several mitigating factors present, including the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, full and free disclosure to the disciplinary *262 board and a cooperative attitude toward the proceedings, and remorse. Additionally in mitigation, the committee found that respondent "accepted responsibility for his failings and made... a genuine offer to make amends."
After further considering this court's prior jurisprudence addressing similar misconduct, the committee recommended respondent be suspended from the practice of law for three months, fully deferred, subject to one year of probation with the conditions that he refund $3,625 to Mr. Sanne and work with the Louisiana State Bar Association ("LSBA") Practice Assistance Counsel to create a proper law office management system with particular emphasis on client communication.
Neither respondent nor the ODC objected to the hearing committee's report.
Disciplinary Board Recommendation
After review, the disciplinary board determined the hearing committee's factual findings do not appear to be manifestly erroneous and are supported by the record. Accordingly, the board adopted said findings. Based on those facts, the board determined the committee correctly concluded that respondent violated the Rules of Professional Conduct as charged.
The board then determined respondent negligently violated duties owed to his client, causing actual harm to Mr. Sanne. The board agreed with the committee that no aggravating factors are present and found the following mitigating factors present: the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, and remorse.
Based upon the above findings, the board recommended respondent be suspended from the practice of law for three months, fully deferred, subject to one year of probation with the conditions that he make restitution to Mr. Sanne in the amount of $3,625 and consult with the LSBA Practice Assistance Counsel to create a proper law office management system with particular emphasis on client communication.
Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5 (B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks , 09-1212 (La. 10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee's factual findings. See In re: Caulfield , 96-1401 (La. 11/25/96), 683 So.2d 714 ; In re: Pardue , 93-2865 (La. 3/11/94), 633 So.2d 150.
The record of this matter supports a finding that respondent neglected a legal matter, failed to communicate with a client, and failed to refund an unearned fee. This misconduct is a violation of the Rules of Professional Conduct as alleged in the formal charges.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
*263 Louisiana State Bar Ass'n v. Reis , 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington , 459 So.2d 520 (La. 1984).
We agree with the hearing committee and the disciplinary board that respondent acted negligently and violated duties owed to his client, causing actual harm to Mr. Sanne. However, we disagree with the committee and the board that the baseline sanction is suspension. Instead, we find the baseline sanction for respondent's misconduct is a public reprimand based upon Standard 4.43 of the ABA's Standard for Imposing Lawyer Sanctions , which states that "[r]eprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client."
Mitigating factors include the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, and remorse. The only aggravating factor is respondent's substantial experience in the practice of law (admitted 2001).
In determining an appropriate sanction for respondent's misconduct, we found guidance from In re: Donald , 13-2056 (La. 11/1/13), 127 So.3d 918, wherein an attorney neglected a legal matter, failed to communicate with his clients, and failed to refund the clients' $600 unearned fee. For this knowing, if not intentional, misconduct, we suspended the attorney from the practice of law for six months, fully deferred, subject to one year of supervised probation with conditions. In light of this case law and the fact that respondent has not yet refunded the unearned fee, we find an upward deviation from the baseline sanction is warranted.
Accordingly, we will adopt the board's recommendation and suspend respondent from the practice of law for three months, fully deferred, subject to one year of probation with the conditions that he make restitution, with legal interest, to Mr. Sanne in the amount of $3,625 and consult with the LSBA Practice Assistance Counsel to create a proper law office management system with particular emphasis on client communication. We will further assess respondent with the costs and expenses of the disciplinary proceeding pursuant to Supreme Court Rule XIX, § 10.1.[1]
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Tyrone F. Watkins, Louisiana Bar Roll number 27321, be and he hereby is suspended from the practice of law for a period of three months. This suspension shall be deferred in its entirety, subject to a one-year period of probation with the conditions set forth in this opinion. The probationary period shall commence from the date respondent and the ODC sign a formal probation plan. Any failure of respondent to comply with these conditions, or any misconduct during the probationary period, may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter *264 are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.

Both the committee and the board recommended that we defer costs for six months in light of respondent's financial status. While we decline to adopt this recommendation, we note respondent has the option of negotiating a periodic payment plan with the disciplinary board pursuant to Supreme Court Rule XIX, § 10.1(D).